# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AUSTIN SMILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-02658-SHM |
| ) | |
| TIM HAYNES and ANDREWS ) | |
| AFFORDABLE MOVING CO., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Austin Smiley's January 19, 2017 motion requesting relief from the judgment entered in this matter on June 30, 2016. (Mot. for Relief from J., ECF No. 9 ("Mot. for Relief"); cf. Am. Br. in Supp. of Mot. for Relief from J., ECF No. 13 ("Br. ISO Mot. for Relief").) On July 31, 2017, the Court ordered Plaintiff to file an additional brief in support of his Motion for Relief under Rule 60(b). (ECF No. 14.) Plaintiff filed his Brief In Support of Motion for Relief From Judgment on August 14, 2017. (ECF No. 15.)

For the reasons discussed below, the Motion for Relief is DENIED.

### I. Background

The facts are stated more fully in the Order dated July 31, 2017. (ECF No. 14.)

Plaintiff initiated this action on October 1, 2015, by filing a Complaint for Trademark Infringement. (ECF No. 1.) The next day, Plaintiff filed an Amended Complaint for Trademark Infringement. (ECF No. 2.)

Then there was silence. Plaintiff did nothing to pursue his case. The Court entered a Show-Cause Order on June 2, 2016, in which it directed Plaintiff "to show cause within fourteen (14) days of the entry of this order why this matter should not be dismissed for failure to prosecute." (ECF No. 5 at 36.)[1] Plaintiff did not respond. On June 30, 2016, the Court entered an order dismissing this matter for failure to prosecute and a corresponding judgment. (ECF No. 6; ECF No. 7.)

On January 19, 2017, JB Smiley, Plaintiff's new counsel, filed the Motion to Substitute and the Motion for Relief. (ECF No. 8; ECF No. 9; cf. ECF No. 10; ECF No. 11.) The Motion to Substitute represents that Plaintiff's prior counsel has been suspended from the practice of law and asks that Smiley be substituted as Plaintiff's counsel. (ECF No. 9 at 41.) The Motion to Substitute was GRANTED on July 31, 2017. (ECF No. 14 at 109-10.)

Plaintiff's Motion for Relief asks the Court to vacate the Dismissal Order. (ECF No. 9 at 42; see also ECF No. 11.) Alt-

---

[1] Unless otherwise noted, all in-cites for record citations are to the "PageID" page number.

2

hough the Motion for Relief purports to be based on Rule 60(b), Plaintiff's brief addresses Rule 41(b).[2] Because the Motion for Relief does not address Rule 60(b), which would be the basis for a decision, the Court ordered Plaintiff to file a new brief in support of his Motion for Relief from Judgment. (ECF No. 14 at 109-110.) On August 14, 2017, Plaintiff filed the Brief In Support of Motion for Relief From Judgment in accordance with the Court's order. (ECF No. 15.)

**II. Standard of Review**

Rule 60(b) provides grounds for relief from a final judgment for enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A Rule 60(b)(1) motion "must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "In determining whether relief is appropriate under Rule 60(b)(1)," three factors control: "(1) culpability-that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." <u>Yeschick v. Mineta</u>, 675 F.3d 622, 628-29 (6th Cir.

---

[2] References to "Rule __" are to the Federal Rules of Civil Procedure.

2012) (internal quotation marks omitted). Rule 60(b)(1) must be applied "equitably and liberally . . . to achieve substantial justice." Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003) (internal quotation marks omitted).

Courts can also provide relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." West v. Carpenter, 790 F.3d 693, 696 (6th Cir. 2015). "Rule 60(b)(6) applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." Id. at 696-97.

"Clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993). "Thus, in assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable.'" McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 594 (6th Cir. 2002) (alteration in original) (quoting Pioneer Inv. Servs. Co., 507 U.S. at 397).

**III. Analysis**

    **a. Rule 60(b)(1) Claim**

4

Plaintiff argues that his former attorney's failure to show cause was excusable neglect under Rule 60(b)(1). (ECF No. 15 at 113-18.) That depends on an analysis of the three factors.[3]

The threshold question is whether Plaintiff or his former attorney is culpable. The analysis of culpability "takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." Burrell v. Henderson, 434 F.3d 826, 832 (6th Cir. 2006).

Plaintiff argues that he is not culpable because he justifiably relied on misrepresentations by his former attorney. Plaintiff claims that "the sole actions and/or inactions of [his attorney] led to the dismissal of this action." (ECF No. 15 at 115.) Plaintiff represents that his former attorney failed to advise Plaintiff to acquire new counsel.

Plaintiff argues that the actions of his former counsel do not rise to the level of culpable conduct because Plaintiff's "former counsel was simply attempting to comply with Tennessee Supreme Court's order suspending him from the practice of law." (Id. at 115.)

Plaintiff's arguments do not support a finding of excusable neglect. Plaintiff's former attorney knew that he could no

---

[3] Plaintiff filed his Rule 60(b)(1) motion less than one year after the Court entered its judgment dismissing the case. The motion is timely under Rule 60(b)(1).

5

longer represent Plaintiff during the former attorney's suspension. The former attorney violated the Supreme Court of Tennessee's Order of Suspension by failing to inform Plaintiff of his suspension[4] and by failing to withdraw from Plaintiff's case.[5] (ECF No. 9-2 at 76.) Given that "out-and-out lawyer blunders . . . do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)," Plaintiff's former counsel's violation of the Supreme Court's Order and of the terms of his suspension is not a ground for relief. McCurry, 298 F.3d at 595 (internal quotation marks and brackets omitted).

The acts and omissions of Plaintiff's former counsel are the acts and omissions of Plaintiff himself. As the United States Supreme Court has said, "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the conse-

---

[4] The Supreme Court of Tennessee's Order of Temporary Suspension ordered Plaintiff's former attorney to "comply with Tenn. Sup. Ct. R. 9 in all respects, and particularly as provided in Tenn. Sup. Ct. R. 9, § 28." (ECF No. 9-2 at 76.) Tenn. Sup. Ct. R. 9, § 28.2(a) provides that disciplined attorneys shall, "no later than ten days after the effective date of the order . . . notify . . . all clients being represented in pending matters."

[5] Tenn. Sup. Ct. R. 9, § 28.7 provides that disciplined attorneys "shall within twenty days after the effective date of the order file in the court, agency or tribunal in which the proceeding is pending a motion for leave to withdraw or a motion or agreed order to substitute."

6

quences of the acts or omissions of this freely selected agent." Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962); see also McCurry, 298 F.3d at 595 ("[A] client, having chosen a particular attorney to represent him in a proceeding, cannot avoid the consequences of the acts or omissions of this freely selected agent . . . .") (quoting Pioneer Inv. Servs. Co., 507 U.S. at 397).

The Sixth Circuit "has been extremely reluctant to uphold the dismissal of a case or the entering of a default judgment merely to discipline an errant attorney." Buck v. U.S. Dep't of Agric., Farmers Home Admin., 960 F.2d 603, 608 (6th Cir. 1992) (internal quotation marks omitted). This is not a case of disciplining an errant attorney. Discipline is a matter for the Supreme Court of Tennessee and the Tennessee Board of Professional Responsibility. Plaintiff's former attorney failed to follow the orders of the Supreme Court of Tennessee after his suspension. His failure demonstrates "a reckless disregard for the effect of [his] conduct on [these] proceedings." Buck, 960 F.2d at 608 (internal quotation marks omitted). His actions -- and inactions -- constitute "gross carelessness" that cannot "give rise to a successful claim of excusable neglect." Yeschick, 675 F.3d at 631 (citation omitted). His conduct is attributable to Plaintiff.

Plaintiff has not established the "excusable neglect" sufficient to set aside the Court's dismissal of this case.[6]

**b. Rule 60(b)(6) Claim**

Plaintiff argues, in the alternative, that the Court's order of dismissal for failure to prosecute should be set aside under Rule 60(b)(6). (ECF No. 15 at 118.) That subpart covers "any *other* reason that justifies relief." Rule 60(b)(6) (emphasis added). Because the subsections of Rule 60(b) are "mutually exclusive," Pioneer Inv. Servs. Co., 507 U.S. at 393, a plaintiff seeking relief under Rule 60(b)(6) must offer reasons independent of the other subsections. Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund, 249 F.3d 519, 524 (6th Cir. 2001).

Plaintiff's arguments for relief under Rule 60(b)(6) rely on the underlying facts cited to support relief under Rule 60(b)(1). Because Plaintiff has failed to show that something other than the neglect of his former attorney would justify re-

---

[6] Because Plaintiff has not succeeded in demonstrating a lack of culpability, the Court need not analyze the remaining factors. Yeschick, 675 F.3d at 628-29. The prejudice factor, however, is worth noting. Defendants would suffer significant prejudice if Plaintiff were granted relief. More than 22 months have passed since Plaintiff filed his complaint. Defendants have never been served. That delay would "create increased difficulties of discovery" if the case were to go forward. INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987)(internal quotation marks omitted).

8

lief, Plaintiff's motion for relief under Rule 60(b)(6) is denied.

**IV. Conclusion**

For the foregoing reasons, the Motion for Relief is DENIED.

So ordered this 1st day of September, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
